J. H. Lumpkin, for plaintiff.

Gustin, Guerry & Hall, for defendant.

---

Holton v. The Western Union Telegraph Company.

The code, section 3333, fixes the filing of the declaration as the commencement of the action. Therefore, where no new cause of action is introduced by an amendment, but the amendment simply completes the statement of the cause which the pleader meant to set forth when the declaration was prepared and filed, the statute of limitations is satisfied if the declaration was filed before the action was barred. See *Augusta Railway Co.* v. *Andrews*, 92 *Ga.* 706, and cases there cited.                    *Judgment reversed.*

April 23, 1894. Argued at the last term.

Action for penalty. Before Judge Smith. Telfair superior court. April term, 1893.

The message was dated February 25, 1892, and was sent from Helena to Hazelhurst, Ga. The sendee of the message was sworn as a witness, and asked where he resided at the date it was sent. To this defendant objected on the ground that it was not alleged he resided in Hazelhurst. The objection was sustained, and plaintiff thereupon amended the declaration by alleging that the sendee resided at the date of sending in Hazelhurst, and within one mile of the defendant's office. The amendment was allowed; and defendant then demurred on the grounds, that the declaration set forth no cause

of action without the amendment, and that the cause of action was barred by the statute of limitation, there having been more than one year from the date of the original cause of action to the date of the amendment (April, 1893). The demurrer was sustained.

D. C. McLENNAN and T. J. HOLTON, for plaintiff. GUSTIN, GUERRY & HALL, for defendant.